IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALAN SCHOFER       Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. PJM-14-3215 |
| SECOND ROUND, LP       Defendant. | * | |
| | ***** | |

## O R D E R

Alan Schofer, a resident of Silver Spring, Maryland, filed a complaint in the District Court for Montgomery County, Maryland on September 4, 2014, seeking damages of $5000.00 or less, alleging that Defendant's contractor "Dynamic Recovery Solutions" violated the Fair Debt Collection Practices Act, or 15 U.S.C. § 1692, *et seq*.  ECF No. 2.  On October 14, 2014, Defendant filed a Notice of Removal with the Court.  ECF No. 1.  Three days later, Defendant filed an Answer and a Response to the Court's Standing Order Concerning Removal.  ECF Nos.  7 & 8.

On October 24, Schofer filed a Notice of Withdrawal of Complaint (ECF No. 9), which has been construed as a motion for voluntary dismissal filed pursuant to Fed. R. Civ. P. 41(a)(2).  He claims that as his "maximum damages are capped at $1,000.00" the transfer of the case to the federal court makes it "prohibitively expensive…"  *Id*.  Defendant has in turn filed a Motion to Dismiss asking that the case be dismissed with prejudice or, in the alternative, without prejudice on the condition that Schofer pay Defendant the $400.00 in costs for removing the case to this Court.  (ECF No. 10.

The purpose of Rule 41(a)(2) is to permit a Plaintiff to dismiss his claims voluntarily unless doing so unfairly prejudices the parties. *See Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987).  In service of this purpose, Rule 41(a)(2) imposes two constraints. First, it requires a Plaintiff

to obtain a court order to dismiss the case. *Id.* Second, it authorizes the district court to set conditions on voluntary dismissal to eliminate any prejudice to a party which may otherwise result from dismissal without prejudice. *Id.* "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id. see also Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986) (noting that absent "substantial prejudice" to Defendant, Plaintiff's motion for voluntary dismissal without prejudice should be granted). In crafting a ruling on such a motion, the Court is to consider

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case.

*Gross v. Spies,* 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998) (unpublished disposition) (internal citations omitted).

This case was removed here from the State court within the past thirty days. Defendant has failed to show that it will be substantially prejudiced if the Rule 41(a)(2) request is granted. Schofer's court-construed motion shall be granted and the case shall be dismissed by Court Order pursuant to Federal Rule of Civil Procedure 41(a)(2).[1]

---

[1] Schofer is reminded, however, that should he refile his claims against Defendant, he would be subject to Rule 41(d). Rule 41 (d) of the Federal Rule of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). Rule 41(d)) is designed to prevent vexatious litigation and discourage forum shopping. *Lawson v. Toney,* 169 F.Supp.2d 456, 466 (M.D. N.C. 2001). The decision to impose costs under Rule 41(d) is a matter of discretion with the Court.

Accordingly, it is this 30th day of October, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Schofer's Notice of Withdrawal of Complaint (ECF No. 9), construed as a motion for voluntary dismissal filed pursuant to Fed. R. Civ. P. 41(a)(2), IS GRANTED;

2. Defendant's Motion to Dismiss (ECF No. 10) IS DENIED AS MOOT;

3. The case IS DISMISSED WITHOUT PREJUDICE;

4. The Clerk SHALL CLOSE the case; and

5. The Clerk SHALL MAIL a copy of this Order to Schofer and to counsel for Defendant.

/s/  
PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE